UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RILEY WALKER,<br><br>    Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>    Defendant. | CASE NO. 15-cv-5252-MJP-JRC<br><br>ORDER ON PLAINTIFF'S MOTION TO FILE OVERLENGTH BRIEF |

This matter is before the Court on plaintiff's Motion to File an Overlength brief (*see* Dkt. 12). The local rules of the Court indicate that "[n]o Opposition to the motion shall be filed unless requested by the court," however defendant has filed a Motion for Leave to File a Response, along with an attached Proposed Response (*see* Dkt. 14). Local Rules W.D. Wash. Rule 7(f)(3). Plaintiff has filed a Motion for Leave to File a Reply, with a Proposed Reply (*see* Dkt. 15).

Plaintiff does not request an alteration of the briefing schedule, but requests that plaintiff be allowed to attach to the Opening Brief a Motion from another matter, a class action raising, among other things, a claim that the ALJ in the matter herein has demonstrated "a pattern of bias or misconduct against a group or particular category of claimants such as [plaintiff herein]" (Declaration of William Rutzick, Dkt. 13, p. 2).

Because of the unusual nature of the arguments made in this case, both parties' motions to file a Response and Reply, respectively, regarding the underlying Motion for Overlength Brief, are granted, and the Court has considered these documents.

Due to defendant's concerns regarding personally identifiable information of third parties, the Court emphasizes that the attached Motion, Response, and Reply should be sealed.

## BACKGROUND

Plaintiff filed a complaint in this matter challenging the denial by the Administrative Law Judge ("ALJ Sloan") of his application for Supplemental Security Income ("SSI") benefits (*see* Dkt. 1). In this complaint, plaintiff contends that additional evidence submitted to the Appeals Council but not included in the administrative record demonstrates "a pattern of decisions or conclusions by ALJ Sloan that are inconsistent with controlling case law and/or Social Security regulations" (*see id.* ¶ 4.2). The additional evidence includes, among other things, the redacted copies of 84 prior decisions by ALJ Sloan (*see id.* at ¶¶ 3.5-3.6). Plaintiff contends that ALJ Sloan is biased against persons like plaintiff (*see e.g.,* Declaration, Dkt. 13, ¶ 3).

In Seibel/Phelps, Case No: 14-cv-1973-TSZ, plaintiff's current counsel filed a class action raising, among other claims, the claim that ALJ Sloan has demonstrated a pattern of bias or misconduct against a group or particular category of claimants such as plaintiff (*id.*, ¶ 4). With respect to this class action, plaintiff has submitted the same redacted copies of 84 prior decisions by ALJ Sloan (*see id.*). After the denial of defendant's motion to dismiss the class action, plaintiffs in that case filed a 21 page Motion to Remand or For Alternative Relief (*see id.; see also* Case No: 14-cv-1973-TSZ, Dkt. 28). This Motion to Remand explains the significance of the materials submitted by plaintiffs, including the redacted copies of 84 prior decisions by ALJ Sloan, and arguments as to why the omitted materials should be furnished to the court.

Plaintiff contends that he cannot adequately brief the issue regarding this additional material as well as the issue of the other substantive claims that plaintiff has regarding errors in ALJ Sloan's decision in his case in 18 pages of the Opening Brief (*see id.* ¶ 5). Plaintiff contends that the simplest and most efficient way to raise all relevant issues adequately "is to maintain the existing briefing brief page limits, but permit the parties to submit to this Court the Motion to Remand in Seibel/Phelps, Case No: C14-1973-TSZ, Defendant's response thereof and Plaintiff's Reply" (*id.*). Plaintiff indicates that the briefing schedules then do not need to be altered, as they are relatively soon and relatively similar (*see id.*, ¶ 6). Plaintiff's arguments are persuasive.

## DISCUSSION

Defendant contends that plaintiff's alleged bias of ALJ Sloan is not relevant to the issue at hand; however, this contention is not persuasive (*see* Dkt. 14-1, p. 1). *See*

*Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (*citing Hummel v. Heckler*, 736 F.2d 91, 94 (3d Cir. 1984)); *see also* 20 C.F.R. § 416.1440 ("An Administrative law judge shall not conduct a hearing if he or she is prejudiced or partial with respect to any party . . . ."). Defendant contends that the only issue before this Court is whether or not ALJ Sloan's decision is supported by substantial evidence (*see id.*). However, this Court also must determine if ALJ Sloan's decision is based on legal error. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)) (pursuant to 42 U.S.C. § 405(g), the court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole). If denial of plaintiff's application for SSI benefits was based in part on bias by ALJ Sloan, such denial could violate due process as well as the ALJ's duty to develop the record. *See Ventura*, *supra,* 55 F.3d at 902 (noting that the "right to an unbiased ALJ is particularly important because of the active role played by ALJs in social security cases") (citation omitted). The Court finds persuasive the conclusion from the Fifth Circuit that "even if the record was totally devoid of evidence supporting a finding of disability, 'the bias of the adjudicator might still be a ground for setting aside a determination adverse to the claimant . . . ." *Id.* at 904 (*quoting Hummel v. Heckler*, 736 F.2d 91, 95 (3d Cir. 1984)) (other citations omitted).

In addition, the Court is not persuaded by defendant's argument that there has been "no finding of bias against the ALJ in this case, and indeed, there should not be" (Dkt. 14, p. 1). Plaintiff contends that the Appeals Council has been presented with this

ORDER ON PLAINTIFF'S MOTION TO FILE
OVERLENGTH BRIEF - 4

issue of bias in this case, but that it declined to make any conclusion on the allegation, as "the claims of bias, prejudice, and unfairness" are "beyond the scope of the Appeals Council's authority to decide" (Dkt. 13, ¶ 3 (*citing* Social Security Ruling 13-1p, AR. 309, 329)). Plaintiff also has raised this issue of bias in this matter and contends that the subject materials are relevant to plaintiff's allegation of bias before this Court, which, obviously, has yet to render any findings or conclusions on the subject (*see id.*, ¶¶ 4-5).

Although defendant also contends that plaintiff should instead make the relevant arguments in the Opening Brief, the Court finds persuasive plaintiff's contentions that he cannot adequately brief in the Opening Brief the issue regarding this additional material supporting bias as well as the issue of the other substantive claims that plaintiff has regarding errors in ALJ Sloan's decision in his case, and that the simplest and most efficient way to raise all relevant issues adequately "is to maintain the existing briefing brief page limits, but permit the parties to submit to this Court the Motion to Remand in Seibel/Phelps, Case No: C14-1973-TSZ, Defendant's response thereof and Plaintiff's Reply" (*see id.* ¶ 5).

## CONCLUSION

For the reasons stated the Court GRANTS plaintiff's motion (Dkt. 12) and hereby Orders that:

1. Plaintiff's Opening Brief in this matter is limited to 18 pages supplemented by Plaintiffs' previously filed Motion to Remand or for Alternative Relief filed in Case No: C14-1973-TSZ (Dkt 28). Both will be filed with this Court by October 22, 2015. Plaintiff is directed to note in the Opening Brief which pages of the

Motion to Remand are relevant to the matter before this Court and how they are relevant.

2. Defendant's Response Brief is limited to 18 pages to be filed by November 19, 2015, supplemented by Defendant's Response to Plaintiff's Motion to Remand in Case No: C14-1973-TSZ, which is due to be filed by November 9, 2015. Defendant is directed to note in the Response Brief submitted to this Court which pages of the Response to the Motion to Remand are relevant to the matter before this Court and how they are relevant.

3. Plaintiff's Optional Reply Brief is limited to 9 pages to be filed December 3, 2015, supplemented by Plaintiff's Reply Brief in Case No: C14-1973-TSZ, which is due to be filed by November 20, 2015. Plaintiff is directed to note in the Optional Reply Brief which pages of the Reply in Support of the Motion to Remand are relevant to the matter before this Court and how they are relevant.

Dated this 21st day of October, 2015.

_____
J. Richard Creatura
United States Magistrate Judge