UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RILEY WALKER,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br><br>Defendant. | CASE NO. C15-5252RAJ-JRC<br><br>ORDER OVERRULING IN PART AND GRANTING IN PART DEFENDANT'S OBJECTIONS TO ORDER GRANTING PLAINTIFF'S MOTION TO FILE OVERLENGTH BRIEF |

## I. Introduction

This matter comes before the Court upon Defendant's objections to Magistrate Judge Creatura's Order on Plaintiff's Motion to File Overlength Brief. Dkt. #19. For the reasons stated herein, the Court OVERRULES in part and GRANTS in part defendants' objections.

## II. Background

Plaintiff, Riley Walker, filed a complaint seeking declaratory relief and a review of the Social Security Administration's ("SSA"'s) denial of his application for supplemental security income ("SSI") benefits on April 21, 2015. Dkt. #1. In his complaint, Plaintiff alleges that additional information submitted to the SSA's Appeals Council was not made a part of his

ORDER OVERRULING IN PART AND GRANTING IN PART DEFENDANT'S OBJECTIONS TO ORDER GRANTING PLAINTIFF'S MOTION TO FILE OVERLENGTH BRIEF - 1

administrative record. *Id*. at 2-3. According to Plaintiff, this additional information is relevant to help him demonstrate that the administrative law judge ("ALJ") assigned to his case, ALJ Sloan, is biased against similarly situated plaintiffs. *See* Dkts. #1 at 2-3 and #13 at 1-2.

On October 19, 2015, Plaintiff filed a motion to file an over-length brief. Dkt. #12. Plaintiff's motion sought to supplement his opening brief with a brief his counsel filed in another matter, *Seibel v. Colvin*, Case No. C14-1973-TSZ, Dkt. #28. Plaintiff explained that the eighteen page limit imposed on his opening brief was only sufficient for him to explain his substantive claims, but not his bias claims, against Defendant. Dkt. #13 at 2. Because Plaintiff hopes to supplement his administrative record with "essentially the same materials" that the *Seibel* plaintiffs sought to include in their administrative records, Plaintiff requested leave to append the Motion to Remand filed in *Seibel* to his opening brief. *Id*. at 2. Plaintiff argued that the *Seibel* motion explains why the materials omitted from Plaintiff's administrative record should be submitted to the Court. Dkt. #12 at 2.

Judge Creatura found Plaintiff's arguments persuasive. Dkt. #16 at 3. On October 21, 2015, an order granting Plaintiff's motion to file an over-length brief was issued. *See id* at 6. Judge Creatura's order allows Plaintiff to supplement his opening brief with the Motion to Remand filed in *Seibel* to explain why Plaintiff's case should be remanded to supplement the administrative record. *Id*. at 3, 5-6. Judge Creatura reasoned that Plaintiff's contention of bias is relevant to determine whether ALJ Sloan's denial of SSI benefits is based on legal error. *Id*. at 4-5. Judge Creatura thus found that allowing Plaintiff to use a motion filed in another matter was the "simplest and most efficient way to raise all relevant issues adequately." *Id*. Defendant was ordered to supplement his response to Plaintiff's opening brief with the response submitted in opposition to the *Seibel* Motion to Remand. *Id*. at 6. Defendant objected to Judge Creatura's order; Defendant's objections are now before this Court.

ORDER OVERRULING IN PART AND GRANTING IN PART DEFENDANT'S OBJECTIONS TO ORDER GRANTING PLAINTIFF'S MOTION TO FILE OVERLENGTH BRIEF - 2

### III.     Discussion

**A.  Legal Standard**

Pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Rule 72(a), parties can appeal nondispositive rulings made by magistrate judges.  Courts review a magistrate judge's order on a nondispositve matter to determine if it is "clearly erroneous" or "contrary to law."  Fed. R. Civ. P. 72(a); *also Bhan v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir.1991) ("[T]he magistrate's decision on a non-dispositive issue will be reviewed by the district judge under the clearly erroneous standard.").  A magistrate judge's factual determinations are reviewed for clear error.  *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010) (citing *United States v. McConney*, 728 F.2d 1195, 1200-1201 (9th Cir. 1984)).  Findings are "clearly erroneous" if the court is "left with the definite and firm conviction that a mistake has been committed."  *U.S. v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Wolpin v. Philip Morris Inc*., 189 F.R.D. 418, 422 (C.D. Cal. 1999).  Legal conclusions are reviewed de novo to determine whether they are contrary to law.  *Perry*, 268 F.R.D. at 348.  The Court may modify, or set aside, any part of the order that is "clearly erroneous" or "contrary to law."  Fed. R. Civ. P. 72(a).

**B.  Judge Creatura's Order is Not Clearly Erroneous**

Defendant asserts that Judge Creatura's order is clearly erroneous because it relies on incorrect law and "distorted and incomplete facts."  Dkt. #19 at 2.  To support this contention Defendant points out several instances where Judge Creatura's order allegedly relies on erroneous facts.  *Id*. at 3-5.  The Court is not persuaded.

Defendant first argues that Judge Creatura's order inaccurately relies on Plaintiff's alleged mischaracterization of an order in the *Seibel* matter.  Dkt. #19 at 4.  This mischaracterization, Defendant argues, left Judge Creatura with the wrong impression about a

motion to dismiss in S*eibel*. *Id*. This in turn, according to Defendant, led to the issuance of an order that denies Defendant of "an opportunity for a full briefing on the issues." *Id*. The Court disagrees that Judge Creatura relied on a mischaracterization of an order issued in *Seibel* to grant Plaintiff leave to file an over-length brief. Dkt. #16 at 3-5. Judge Creatura granted Plaintiff's motion to file an over-length brief because, in addition to deciding whether a denial of Social Security benefits is supported by substantial evidence, courts must also decide if a denial is based on legal error. *Id*. at 4. Because a showing of bias can constitute legal error, Judge Creatura correctly decided that Plaintiff should be allowed to argue, as part of his opening brief, that the alleged evidence of bias should be a part of his administrative record. *Id*. at 4-5 (citing 20 C.F.R. § 416.1440; *also Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)).

The Court is equally unpersuaded by Defendant's contention that Judge Creatura's order is clearly erroneous because Plaintiff's complaint does not allege bias. Dkt. #19 at 4-5. Plaintiff's complaint explains that he submitted additional evidence to the Appeals Council that demonstrates "patterns of decisions" by the ALJ that violate controlling law. Dkt. #1 at 2. Plaintiff then explains that eighty-four decisions made by ALJ Sloan demonstrate that similarly situated claimants were denied benefits. *Id*. at 3. These allegations are sufficient for the Court to find that Plaintiff's complaint alleges bias.

Defendant's remaining arguments also fail to demonstrate that Judge Creatura's order is clearly erroneous. Defendant argues that to the extent Judge Creatura's order relies on characterizing *Seibel* as a class action, the disputed order is erroneous because *Seibel* was not certified as a class at the time the order was issued. Dkt. #19 at 4. Judge Creatura's order does not rely on the class-action characterization of *Seibel* to allow Plaintiff to supplement his opening brief with the *Seibel* Motion to Remand; Defendant's argument thus fails to

demonstrate clear error. *See* Dkt. #16. Defendant also argues that Judge Creatura's order does not allow a consideration of the "proper" legal authority with respect to ALJ bias. Dkt. #19 at 4, 6. However, Defendant does not explain what the "proper" legal authority is or how the law relied on by Judge Creatura deviates from this "proper" authority.

In addition to pointing out these alleged errors, Defendant prematurely argues that the administrative record should not be supplemented with the additional evidence Plaintiff seeks to include through the appended Motion to Remand. *Id*. at 5-6. To the extent the Defendant argues that the administrative record should not include the additional evidence of bias described in the *Siebel* Motion to Remand, the Court finds those arguments moot because the issue of ALJ bias is not currently before the Court. The sole issue in dispute is whether Judge Creatura's order is clearly erroneous or contrary to law.

## C. Judge Creatura's Order Contradicts Governing Law

Defendant contends that Judge Creatura's order is contrary to governing law for two reasons. First, Defendant argues that Judge Creatura's order contravenes Local Court Rules because it ignores that Plaintiff's motion was not a motion to file an over-length brief, and because it contradicts the page limitations imposed by those rules. Dkt. #19 at 6-8. Defendant then argues that Judge Creatura's order "contravene[s] the well-established process for review of SSA determinations[.]" *Id*. at 8. While the Court agrees that Judge Creatura's order contradicts the page limits imposed by the Local Rules, it does not agree that Judge Creatura's order contradicts laws that regulate review of SSA determinations.

i. <u>Judge Creatura's Order Contradicts Local Court Rule 7(f)(4).</u>[1]

The Court agrees that Judge Creatura's order contradicts Local Rule 7(f)(4) because it requires Defendant to supplement his response to Plaintiff's opening brief with his twenty-four page response to the *Seibel* Motion to Remand. Dkt. #19 at 7-8. As Defendant notes, pursuant to Local Rule 7(f)(4), when a motion to file an over-length brief is granted, a defendant's corresponding response is allowed an equal number of additional pages. *Id*. at 8, n.7. However, while Judge Creatura's order grants Plaintiff an additional twenty-one pages, Defendant's response to the *Siebel* Motion to Remand was twenty-four pages in length. *Id*. It is unclear whether Judge Creatura intends to consider all twenty-four pages of Defendant's *Seibel* response, or whether only twenty-one of those pages will be considered. Regardless of Judge Creatura's approach, this deviation from the Local Rules highlights a bigger issue: allowing parties to use motions, responses, and replies filed by their counsel in other matters deprives those same parties of a meaningful opportunity to have their counsel advocate on their behalf.

Although Plaintiff's counsel argues that the additional evidence sought to be included by the *Seibel* Motion to Remand is "essentially the same" as the additional evidence Plaintiff seeks to include in his administrative record, the Court is not persuaded that these similarities are enough to relieve Plaintiff's counsel of his duty to advocate on behalf of his client. The Court is equally unpersuaded by Plaintiff's contention that Defendant's response in *Seibel* suffices in this case because "it is unlikely that defendant's response in this case would have

---

[1] Judge Creatura's consideration of Plaintiff's motion as a Local Rule 7(f) motion to file an over-length brief is not contrary to governing law. Although Plaintiff's motion sought to expand the page limit of his opening brief in an unconventional way, it was nonetheless a motion to file an over-length brief. While the Court does not agree with Judge Creatura's decision to allow Plaintiff to supplement his opening brief with a motion in another matter, it was nonetheless not contrary to governing law for Plaintiff's motion to be treated as a Local Rule 7(f) motion.

been materially different." Dkt. #25 at 15. Defendant's opposition to Plaintiff's request for remand may, as Plaintiff argues, ultimately be the same to the opposition filed in *Seibel*. *Id*. Nonetheless, Defendant should not be deprived of the opportunity to present a case-specific opposition that takes into account any factual differences between Plaintiff's case and the *Seibel* matter.

        ii.    Judge Creatura's Order Does Not Contradict Laws That Regulate the Review of SSA Determinations.

Judge Creatura's order does not contradict federal laws that regulate the review of SSA decisions. Defendant's arguments to the contrary rely on a misunderstanding of Judge Creatura's order. Judge Creatura's order does not, contrary to Defendant's assertion, decide whether Plaintiff's case should be remanded to allow the Appeals Council to include the alleged evidence of bias in the administrative record. *See* Dkt. #19 at 9 ("Despite this well-established law, the magistrate judge appeared to accept Plaintiff's argument that materials Plaintiff submitted to the ALJ and the Appeals Council . . . should be furnished to this court[.]"). Judge Creatura's order merely granted Plaintiff leave to include additional pages in his opening brief to argue *why* his case should be remanded to include the additional evidence of alleged bias. *See* Dkt. #16 at 5. Defendant's arguments are thus premature.

## IV. Conclusion

Although the Court OVERRULES the majority of Defendant's objections, the Court nonetheless agrees that Judge Creatura's order contradicts Local Rule 7(f)(4) and thus GRANTS Defendant's request for a modification of Judge Creatura's order. The Court hereby ORDERS:

1. To the extent that Judge Creatura's order allows Plaintiff to supplement his opening brief with the *Seibel* motion to remand, and the corresponding reply, it is set aside.

ORDER OVERRULING IN PART AND GRANTING IN PART DEFENDANT'S OBJECTIONS TO ORDER GRANTING PLAINTIFF'S MOTION TO FILE OVERLENGTH BRIEF - 7

2. Plaintiff is granted leave to file an amended opening brief; that brief is limited to twenty-eight (28) pages.

3. Defendant is not required to supplement his response to Plaintiff's opening brief with his response to the *Seibel* Motion to Remand. Defendant's response is also limited to twenty-eight (28) pages.

4. A revised scheduling order will be issued to accommodate this relief.

DATED this 26th day of May, 2016.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge